**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES E. GRIZZARD, and
GERMAN GOLDBONDHOLDERS
REDEMPTION GROUP, LLC,
individually and on behalf of all persons
similarly situated,

    Plaintiffs,

v.                                    CASE NO: 8:05-cv-2223-T-26TGW

BUNDESREPUBLIK DEUTSCHELAND a/k/a
"FEDERAL REPUBLIC OF GERMANY," et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiffs' Motion to Take Depositions *de bene esse* to Preserve Testimony of Witnesses and Additional Bondholders. As the Eleventh Circuit has noted, however, "[t]he phrase "*de bene esse*" does not appear in the Federal Rules of Civil Procedure." Chrysler Int'l Corp. v. Chemaly, 280 F. 3d 1358, 1359 n.3 (11th Cir. 2002). Instead, the phrase is understood to mean "depositions that may be used at trial if the witness is unable to attend the trial." Id.; see also Marshall v. Rice, 211 F.R.D. 680, 681 (M.D. Fla. 2002) (observing that the Federal Rules of Civil Procedure "no longer recognize *de bene esse* depositions" and that "[a]ny admission of any deposition at trial is subject to the application of Fed. R. Evid. 804."). Consequently, because the Court is unwilling to speculate at this juncture of the proceedings whether at time of trial the witnesses at issue will fall within the ambit of rule 804 or Federal Rule of Civil Procedure 32(a)(3)(A-D), the Motion to Take Depositions *de bene esse* to Preserve Testimony of Witnesses and Additional Bondholders (Dkt. 54) is denied.

The Court, however, is concerned about the ability of Plaintiffs to undertake discovery in this case in light of the fact that it has entered orders delaying the filing of responses from the served Defendants until the main Defendants are properly served.[1]  Accordingly, because this is a Track Three case (class action lawsuit), and because Plaintiffs undoubtedly enjoy the right to proceed with discovery with respect to the served Defendants, notwithstanding the Court's prior orders delaying these Defendants' responses to Plaintiffs' amended complaint, Plaintiffs' counsel and the served Defendants' counsel shall meet on or before March 17, 2006, for the purpose of preparing and filing a Case Management Report and shall file the Report within 14 days of the meeting.  See Local Rule 3.05(c)(3)(A).  Upon receipt of the Report, the Court will schedule a preliminary pretrial conference for the purpose of entering a Case Management and Scheduling Order which will establish a discovery plan.  See Local Rule 3.05(c)(3)(B-C).

In scheduling and conducting the meeting, as well as in all future proceedings in this case, all counsel are reminded of their obligations under Local Rule 2.04(h) which provides that "[a]ttorneys and litigants should conduct themselves with civility and in a spirit or cooperation in order to reduce unnecessary cost and delay."  Any attorney failing to honor his or her obligation under the Rule will be sanctioned accordingly.

**DONE AND ORDERED** at Tampa, Florida, on February 16, 2006.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1]  See dockets 40, 43, and 46.